UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BRENDA PARKER GRADY,
            *Plaintiff-Appellant,*

v.

NORTH CAROLINA DEPARTMENT OF
TRANSPORTATION; LYNDO TIPPETT, in
his official capacity as Secretary of
Transportation; CAROL HOWARD, in
her official capacity as
Commissioner of the Division of
Motor Vehicles; BECKY KEITH, in
her official capacity as Director of
Human Resources,
            *Defendants-Appellees.*

No. 02-2350

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-02-360-5-H)

Submitted: June 25, 2003

Decided: August 19, 2003

Before NIEMEYER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

---

**COUNSEL**

Jonathan F. Koffa, Zebulon, North Carolina, for Appellant. Roy Cooper, North Carolina Attorney General, Hal F. Askins, Special Deputy Attorney General, Kimberly D. Potter, Assistant Attorney General, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Brenda Parker Grady appeals the district court's order dismissing her complaint pursuant to Fed. R. Civ. P. 12(b)(6) against her employer, the North Carolina Department of Transportation ("Department"), alleging retaliation and civil conspiracy in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2002).

Grady conceded her civil conspiracy claim in the district court and does not raise it on appeal. Therefore, we affirm the district court's dismissal of her civil conspiracy claim.

Grady asserts the dismissal of her retaliation claim was improper and that the district court converted the Department's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to a motion for summary judgment by considering documents outside the pleadings. Generally, if the district court is presented with materials outside the pleadings and does not exclude them, "the motion shall be treated as one for summary judgment . . . and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed. R. Civ. P. 12(b); *see Gay v. Wall*, 761 F.2d 175, 177-78 (4th Cir. 1985).

In ruling upon Grady's retaliation claim, the district court considered letters from the Department offering Grady positions within the Division of Motor Vehicles that the Department attached to its motion to dismiss. The district court specifically states that "plaintiff had the option of returning to the Nash County office and refused," a conclusion apparently based upon the Department's Exhibit 3, which offered Grady the opportunity to "remain in her current position" with an adjusted pay and grade level. Based on our review of the record, we conclude the district court converted the motion to dismiss to a motion for summary judgment. Because the motion should have been treated as one for summary judgment, the court should have given the parties a reasonable opportunity to present all material made pertinent by Rule 56. *See Gay*, 761 F.2d at 177.

Accordingly, we vacate the portion of the district court's order dismissing Grady's retaliation claims under Rule 12(b)(6) and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED IN PART AND REMANDED*